UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COBBLER NEVADA, LLC, | Case No. C15-1616-TSZ |
| Plaintiff, | ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL AND LCR 39.1 NEUTRAL FOR EARLY ADR PROCEEDINGS |
| v. | |
| MICHAEL WILSON, et al., | |
| Defendants. | |

This matter comes before the Court upon defendant Michael Wilson's February 3, 2017 letter, Dkt. 131, which the Honorable Thomas S. Zilly construed as a motion for appointment of counsel and referred to the undersigned on February 10, 2017. Dkt. 132. Having reviewed the parties' pleadings, the "Plan of the U.S. District Court for the W.D. of Washington for the Representation of Pro Se Litigants in Civil Rights Actions" (the "Pro Bono Plan"), and the balance of the record, the Court ORDERS that defendant Michael Wilson's motion for appointment of counsel, Dkt. 131, is GRANTED IN PART for the limited purpose of conducting an early alternative dispute resolution ("ADR") procedure pursuant to LCR 39.1.

Generally, the decision to appoint pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America,* 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional

ORDER
PAGE - 1

circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the party to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). These factors must be viewed together before reaching a decision on a request for counsel. *Id.* At this early stage of litigation, defendant has failed to demonstrate that exceptional circumstances warrant the appointment of counsel for the duration of the case. However, the Court also finds that the unique circumstances of this case indicate that the interests of justice will best be served if counsel from the Western District Pro Bono Panel is appointed to represent defendant for the limited purpose of conducting an early ADR procedure pursuant to LCR 39.1.

In making this finding, the undersigned has considered the nature and complexity of plaintiff's factual and legal claims against defendant. The undersigned finds that the plaintiff, defendant, and the Court will all benefit from appointed counsel's assistance in improving communication between the parties, limiting, narrowing or simplifying the issues in dispute, and potentially achieving settlement of some or all issues between the parties through an early ADR procedure.

Accordingly, the parties are directed to read and comply with the deadlines and procedures outlined in § 3(g)-(i) of the Pro Bono Plan.[1] Specifically, following entry of the Order of Appointment, the Clerk shall send the appointed attorney a Notice of Appointment and Interim Notice of Appearance, which shall include a statement that plaintiff's counsel must only communicate with the appointed attorney, and not with defendant Wilson, in accordance with Rules 4.2(b) and 4.3(b) of the Washington Rules of Professional Conduct. *See* Pro Bono Plan § 3(g). The Clerk's Notice of Appointment and Interim Notice of Appearance also suspends the provisions of LCR 16(a) and (d) requiring a scheduling conference, joint status

---

[1] The Pro Bono Plan was most recently amended effective August 1, 2010, and is available on the Court's website via links to "Attorneys" and "Pro Bono Panel" (www.wawd.uscourts.gov/attorneys/pro-bono-panel) or "Representing Yourself" (http://www.wawd.uscourts.gov/pro-se).

ORDER
PAGE - 2

report, and scheduling order, until completion of the ADR proceedings. *See* Pro Bono Plan § 3(i).

As soon as practical following appointment, pro bono counsel is directed to confer with the defendant regarding the ADR procedures available under LCR 39.1(a)(3). Pro bono counsel shall then meet and confer with opposing counsel to develop a plan for an early ADR procedure, and shall attempt to reach agreement on the factors listed in § 3(i)(iv)(A)-(E). The parties are advised that they are required to submit a Joint Pro Bono ADR Status Report addressing these factors not later than twenty (20) days following the Clerk's Notice of Appointment and Interim Notice of Appearance. *See* Pro Bono Plan to § 3(i)(v).

Unless otherwise ordered, the early ADR procedure shall be completed not later than seventy-five (75) days following the Clerk's Notice of Appointment and Interim Notice of Appearance. *See* Pro Bono Plan § 3(i)(vii). Upon completion of the ADR procedure, appointed counsel shall submit a report to the Court and opposing counsel stating (1) when the ADR procedure occurred, and (2) whether the case settled as to some or all issues.[2] Following submission of this report, appointed counsel's limited representation shall be deemed complete, and counsel may submit a proposed order terminating the limited representation. At that time, appointed counsel may move for an award of attorney's fees under any applicable authority, although the Court is unable to assure counsel of compensation.

Accordingly, defendant Wilson's motion, Dkt. 131, is GRANTED IN PART. The Clerk of the Court is DIRECTED to identify counsel from the Pro Bono Panel to represent defendant for the limited purpose of conducting an early ADR procedure pursuant to LCR 39.1. Upon notification from the Clerk, the undersigned shall appoint the selected attorney to represent defendant Wilson in early ADR proceedings in this case. Finally, the Clerk is

---

[2] If the ADR procedure was a mediation, however, the mediator's report required by LCR 39.1(c)(6) will serve in lieu of appointed counsel's report.

ORDER
PAGE - 3

directed to send a copy of this Order to Judge Zilly, and a copy of this Order and § 3(g)-(i) of the Pro Bono Plan to defendant Wilson and counsel for plaintiff.

DATED this 22nd day of February, 2017.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER
PAGE - 4